1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

11    MARTHA I. MENDEZ, et al.,                           CASE NO. 10cv1970 DMS (WMC)

12                              Plaintiffs,

13          vs.                                           **ORDER GRANTING IN PART
                                                          AND DENYING IN PART**
14                                                        **DEFENDANTS' MOTION TO
                                                          DISMISS**
15    OAKMONT MORTGAGE COMPANY,
      INC., et al.,                                       **[Docket No. 3]**
16
                              Defendants.
17

18          This case comes before the Court on Defendants Deutsche Bank National Trust Company and

19    Mortgage Electronic Registration Systems, Inc.'s motion to dismiss Plaintiffs' Complaint.  Plaintiffs

20    filed an opposition to the motion, and Defendants filed a reply.  For the reasons discussed below, the

21    Court grants in part and denies in part Defendants' motion.

22                                               **I.**

23                                        **BACKGROUND**

24          Plaintiffs Martha Mendez and Fernando Mendez, proceeding *pro se*, are the former owners of

25    real property located at 3520 - 3522 Nile Street, San Diego, California 92104.  (Compl. ¶ 7.)  Plaintiffs

26    purchased the property on June 7, 2004, with a loan in the amount of $640,000.  (*Id.* ¶¶ 20-21.)

27    Plaintiffs allege they were not provided copies of certain documents at loan closing, nor did anyone

28    explain the terms of the loan to them.  (*Id.* ¶¶ 20-27.)

                                               - 1 -                                        10cv1970

1      On November 13, 2009, Plaintiffs' lender filed a Notice of Default and Election to Sell Under

2  Deed of Trust on Plaintiffs' property.  (Req. for Judicial Notice in Supp. of Mot., Ex. 2.)

3      On April 14, 2010, Plaintiffs' lender filed a Notice of Trustee's Sale of Plaintiffs' property,

4  scheduling a sale for May 6, 2010.  (Req. for Judicial Notice in Supp. of Mot., Ex. 5.)  Defendant

5  Deutsche Bank National Trust purchased the property at the Trustee's Sale, after which the Deed of

6  Trust was transferred to Deutsche Bank on May 14, 2010.  (Req. for Judicial Notice in Supp. of Mot.,

7  Ex. 6.)

8      On August 6, 2010, Plaintiffs filed the present case against Defendants Oakmont Mortgage

9  Company, Inc., Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank in San

10 Diego Superior Court.  The Complaint alleges claims for declaratory relief, breach of contract,

11 misrepresentation/fraud, quiet title and unfair business practices.  On September 21, 2010, Defendants

12 Deutsche Bank and MERS removed Plaintiffs' case to this Court.  The present motion followed.

13                                              **II.**

14                                        **DISCUSSION**

15     Defendants move to dismiss the Complaint in its entirety.  They argue each of Plaintiffs' claims

16 fails to state a claim for relief.  Plaintiffs dispute Defendants' arguments and oppose dismissal of their

17 claims.

18 **A.      Standard of Review**

19     In two recent opinions, the Supreme Court established a more stringent standard of review for

20 12(b)(6) motions.  *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v.*

21 *Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss under this new standard, "a complaint

22 must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

23 face.'"  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

24 when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

25 defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

26     "Determining whether a complaint states a plausible claim for relief will ... be a context-specific

27 task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950

28 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by

1  identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951.

2  It then considered "the factual allegations in respondent's complaint to determine if they plausibly

3  suggest an entitlement to relief." *Id.* at 1951.

4  **B.      Declaratory Relief**

5         The first claim at issue in this motion is Plaintiffs' claim for declaratory relief.  Defendants assert

6  this claim is predicated on violations of the Truth in Lending Act ("TILA"), the Home Owners Equity

7  Protection Act ("HOEPA") and the Federal Trade Commission Act ("FTCA").  Defendants argue

8  Plaintiffs have failed to properly plead claims under these statutes, therefore the declaratory relief claim

9  should be dismissed.  However, it is unclear whether this claim is based on any of these statutes.

10  Although Plaintiffs identify the declaratory relief they are seeking, they fail to identify the legal basis

11  for that relief.  Accordingly, the Court grants the motion to dismiss this claim.

12  **C.      Breach of Contract**

13         The second claim alleged in this case is for breach of contract.  To state a claim for breach of

14  contract, Plaintiffs must plead the existence "of a contract, plaintiff's performance or excuse for failure

15  to perform, defendant's breach and damage to plaintiff resulting therefrom."  *Spinks v. Equity*

16  *Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1031 (2009) (quoting *McKell v. Washington*

17  *Mutual, Inc.*, 142 Cal. App. 4th 1457, 1489 (2006)).  Defendants argue Plaintiffs here have failed to

18  identify the contract at issue, and Plaintiffs have failed to explain how each Defendant breached the

19  contract.  The Court agrees, and thus grants Defendants' motion to dismiss this claim.

20  **D.      Misrepresentation/Fraud Claim**

21         Plaintiffs' third claim is for misrepresentation and fraud.  Defendants argue this claim should

22  be dismissed because Plaintiffs have failed to satisfy Federal Rule of Civil Procedure 9(b).

23         A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how"

24  of the misconduct charged.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The

25  allegations in the Complaint do not meet this standard.  Indeed, Plaintiffs fail to identify any individual

26  in Defendants employ, what that individual said or did to Plaintiffs, or when or where that conduct

27  occurred.  Plaintiffs allege, in general terms, that Defendants "knowingly and intentionally concealed

28  / / /

1    material information from Plaintiffs[,]" (Compl. ¶ 54), but these allegations do not satisfy Rule 9(b).

2    Absent compliance with Rule 9(b), the Court grants the motion to dismiss this claim.

3    **E.      Quiet Title**

4            Plaintiffs' next claim is for quiet title.  Defendants argue Plaintiffs have failed to set forth facts

5    supporting the elements of a quiet title claim, and more importantly, Plaintiffs have failed to offer to

6    tender their unpaid debt.

7            However, Defendants have failed to show that Plaintiffs' present inability to tender warrants

8    dismissal of this claim.  Although tender is required if the mortgage is still in effect, in this case the

9    foreclosure sale has already occurred, and thus the mortgage has been extinguished.  Under these

10   circumstances, it is not clear that Plaintiffs are required to tender.  *See Fontana Land Co. v. Laughlin*,

11   199 Cal. 625, 639 (1926) (citing *Faxon v. All Persons*, 166 Cal. 707(stating tender requirement did not

12   apply when "the mortgage had become extinguished.")  Thus, the Court denies the motion to dismiss

13   this claim.

14   **F.      California Business and Professions Code § 17200**

15           The final claim at issue in this case is Plaintiffs' claim that Defendants violated California

16   Business and Professions Code § 17200.  Defendants argue this claim is preempted by TILA, Plaintiffs

17   have failed to allege a business "practice," and Plaintiffs' allegations of a violation of the Racketeer

18   Influenced Corrupt Organizations Act ("RICO") are deficient.

19           1.      Preemption

20           Defendants argue Plaintiffs' 17200 claim is preempted by TILA.  However, this claim does not

21   appear to be based on a violation of TILA.  Indeed, there is no mention of TILA in the allegations

22   supporting this claim, nor is their an independent claim for TILA violations.  Accordingly, this argument

23   does not warrant dismissal of this claim.

24           2.      Unfair, Unlawful or Fraudulent Business Practice

25           Next, Defendants argue Plaintiff has failed to allege that Defendants engaged in a wrongful

26   "practice."  However, Plaintiffs allege Defendants were engaged in a "fraudulent scheme[ ] for improper

27   use of Plaintiff's [sic] identity, negligent and/or intentional misrepresentation of certain mortgage loans

28   pooled together in a securitization scheme to reap profits at the expense of Plaintiffs and other investors

1  in certain trust funds." (Compl. ¶ 1.) Plaintiffs also allege Defendants' "lending industry practices"

2  caused Plaintiffs to suffer damages. (*Id.* ¶ 4.) Thus, contrary to Defendants' argument, Plaintiffs have

3  alleged Defendants were engaged in a wrongful business "practice." Therefore, this argument does not

4  warrant dismissal of this claim.

5        3.    RICO Violations

6        Finally, Defendants assert Plaintiffs' allegations of RICO violations are deficient. However, it

7  is unclear whether Plaintiffs are relying on RICO to support their 17200 claim. (*See id.* ¶ 71.) In light

8  of this uncertainty, the Court declines to address Defendants' arguments at this time. Instead, Plaintiffs

9  should clearly indicate in their First Amended Complaint whether RICO serves as a basis for their 17200

10  claim, and if so, they should set forth facts supporting that claim.

11  **III.**

12  **CONCLUSION AND ORDER**

13        For these reasons, the Court grants in part and denies in part Defendants' motion to dismiss.

14  Specifically, the Court grants Defendants' motion to dismiss Plaintiff's declaratory relief claim, breach

15  of contract claim and misrepresentation/fraud claim. The Court denies Defendants' motion to dismiss

16  Plaintiffs' claims for quiet title and unfair business practices.

17        In accordance with Plaintiffs' request, Plaintiffs are granted leave to file a First Amended

18  Complaint that cures the pleading deficiencies set out in this Order. Plaintiffs are cautioned that if their

19  First Amended Complaint does not cure these deficiencies, their claims will be dismissed with prejudice

20  and without leave to amend. The First Amended Complaint shall be filed on or before December 10,

21  2010.

22  **IT IS SO ORDERED.**

23  DATED: November 22, 2010

24  _____

25        HON. DANA M. SABRAW
      United States District Judge

26

27

28