UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA I. MENDEZ, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>OAKMONT MORTGAGE COMPANY, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. 10cv1970 DMS (WMC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**<br><br>**[Docket No. 15]** |

　　　　This case comes before the Court on Plaintiffs' motion for reconsideration. Defendants Deutsche Bank National Trust Company and Mortgage Electronic Registration Systems, Inc. filed an opposition to the motion, and Plaintiffs filed a reply. For the reasons set out below, the Court denies the motion.　　Plaintiffs cite Federal Rule of Civil Procedure 59(e) as the legal basis for their motion, but since the Court did not enter judgment, the Court construes the motion as one for relief from a court order pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final order for the following reasons:

　　(1) mistake, inadvertence, surprise or excusable neglect;

　　(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

　　(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

　　(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiffs argue the Court should reconsider its dismissal of Plaintiffs' First Amended Complaint in light of "new or different circumstances" that Plaintiffs did not present to the Court because they did not receive notice of the hearing on Defendants' most recent motion to dismiss. (Mot. at 1.)[1] However, Plaintiffs fail to cite any specific circumstances in support of their argument. Instead, they rely on vague and general allegations about "banking farce," (*id.* at 2), "robo signers, securities investment, improprieties, broken chain of title, and other things[.]" (Mem. of P. & A. in Supp. of Mot. at 7.) These allegations are insufficient to warrant reconsideration under Rule 60(b). Accordingly, Plaintiffs' motion for reconsideration is denied.

**IT IS SO ORDERED**.

DATED: April 27, 2011

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] The Court notes there is proof of service that Defendants delivered a copy of their most recent motion and their reply brief to Plaintiffs at their current address, both of which listed the hearing date and time for the motion. The record also reflects that all other pleadings and court orders were delivered without incident to Plaintiffs at their current address.